UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RAUL PADILLA**, On Behalf of Himself and All Others Similarly Situated, | **MEMORANDUM AND ORDER** |
| Plaintiff, | 15-CV-1708 |
| – against – | |
| **SHELDON RABIN, M.D., P.C.**, A New York Professional Corporation, and **SHELDON RABIN, M.D.**, an Individual, | |
| Defendants. | |

**PARTIES**

**APPEARANCES**

**Raul Padilla**

Jason T. Brown
Patrick Sidney Almonrode
**JTB Law Group, LLC**
155 2nd Street, Suite 4
Jersey City, NJ 07302
Tel: (201) 630-0000
Fax: (855)582-5297
jtb@jtblawgroup.com
patalmonrode@jtblawgroup.com

**Sheldon Rabin, M.D., P.C.**
**Sheldon Rabin, M.D.**

Jane Blair Jacobs
Charles Spencer Caranicas
Kathryn E. Dugan
Kevin James Shehan
**Klein Zelman Rothermel Jacobs & Schess LLP**
485 Madison Avenue, 13th Floor
New York, NY 10022
Tel: 212-935-6020
Fax: 212-753-8101
jbjacobs@legal.org
ccaranicas@kleinzelman.com
kdugan@kleinzelman.com
kshehan@kleinzelman.com

JACK B. WEINSTEIN, Senior United States District Judge:

## Table of Contents

I.   Introduction .................................................................................................. 3

II.   Factual Background ...................................................................................... 3

   A.   Sheldon Rabin, M.D., P.C. ...................................................................... 3

   B.   Plaintiff's Education and Training ........................................................... 3

   C.   Plaintiff's Employment .......................................................................... 4

III.   Arguments of the Parties............................................................................. 4

   A.   Defendants' Motion................................................................................. 4

   B.   Plaintiff's Motion ................................................................................... 7

IV.   Law ............................................................................................................... 9

   A.   Summary Judgment ................................................................................ 9

   B.   FLSA ...................................................................................................... 9

   1.   Coverage................................................................................................. 9

   2.   Exemptions ........................................................................................... 11

   3.   Statute of Limitations and Willfulness................................................. 13

   4.   Liquidated Damages ............................................................................. 14

   C.   NYLL .................................................................................................... 15

V.   Application of Law to Facts....................................................................... 17

   A.   Rabin jointly liable ............................................................................... 17

   B.   Waiver of right to assert exemptions.................................................... 17

   C.   Learned Professional Exemption .......................................................... 19

   1.   Applicability of FLSA's Salary Basis Test ......................................... 19

   2.   Applicability of FLSA's and NYLL's Primary Duty Test.................. 20

   D.   Statute of Limitations for FLSA Damages............................................ 22

   E.   Liquidated Damages ............................................................................. 22

VI.   Conclusion ................................................................................................. 23

VII.   Trial and *In Limine* Hearing .................................................................... 23

## I.    Introduction

The interesting principal question in this case is whether plaintiff is entitled to retroactive overtime payments.  The answer depends on whether, as an ophthalmic technician, he is an "exempt" salaried professional employee under the Fair Labor Standards Act ("FLSA").  Issues under the New York Labor Law ("NYLL") are also raised.

Raul Padilla ("Padilla") brings this putative collective action against his employer, Sheldon Rabin, M.D., P.C. ("Practice"), and the optometrist who owns the Practice, Dr. Sheldon Rabin ("Rabin").

Both sides have moved for summary judgment.  Plaintiff's motion is granted in part and denied in part; defendants' motion is denied.

## II.   Factual Background

### A.    Sheldon Rabin, M.D., P.C.

The Practice operates at two locations.  Compl., Mar. 31, 2015, ECF No. 1, at ¶ 17; Am. Answer, Aug. 7, 2015, ECF No. 16, at ¶ 17.  Rabin is in charge.  Defs.' Resp. to Pl.'s Statement of Undisputed Material Facts Pursuant to L.R. 56.1, Mar. 9, 2016, ECF No. 41-1 ("56.1 Response"), at ¶¶ 7, 10.  Shari Coen, a bookkeeper, consults with the Practice's accountants on issues of compliance with the FLSA and NYLL.  *Id.* at ¶ 71.

### B.    Plaintiff's Education and Training

Padilla does not hold an associate's or bachelor's college degree.  He does have education and training beyond a high school level:

- he has completed a two-year program in ophthalmic dispensing at New York City Technical College and a one-year program called Certified Medical Education of Ophthalmic Assistants, *id.* at ¶¶ 31-32, 36;

- he is a Certified Ophthalmic Assistant, and is required by the Joint Commission on Allied Health Personnel in Ophthalmology to complete 18 credits of

continuing education every three years in order to maintain this certification, *id.* at ¶¶ 34-35;

- he is a certified refractionist, *id.* at ¶ 41;

- he has had on-the-job training at the Joint Diseases Hospital, *id.* at ¶ 38; and

- he has taken courses in ophthalmic dispensing, contact lens fitting, Goldmann & Humphrey's Visual Field testing, tonometry, pharmacology for eye drops, ophthalmic photography, and is trained to give injections and draw blood, *id.* at ¶¶ 38-40.

### C.   Plaintiff's Employment

Padilla has worked for the Practice over periods of time going back to 1978.  Aff. of Jane B. Jacobs, Feb. 16, 2016, ECF No. 30-4, at Ex. 2 (Jan. 11, 2016 Dep. Tr. of Raul Padilla, Ex. 1 (resume of Raul Padilla)).  He has been employed full-time as an ophthalmic technician by the Practice and Rabin since late April or early May of 2012 at the Practice's office in Flushing. 56.1 Response at ¶¶ 1, 3-4, 16.  His compensation was paid on an hourly basis, at a rate set by Rabin, by checks issued by "Sheldon Rabin, M.D., P.C."  *Id.* at ¶¶ 6, 12, 45.  The rate of pay has been $35 per hour.  *Id.* at ¶ 49.  He is not required to obtain authorization before working over 40 hours in a week.  *Id.* at ¶ 17.

## III.   Arguments of the Parties

### A.   Defendants' Motion

The parties do not dispute the amount of overtime that is owed, but whether any is owed at all.  Defendants take the position that plaintiff is an exempt employee and is thus not entitled to any overtime, while plaintiff contends that he is not exempt and is entitled to overtime.

Defendants' argument is centered on plaintiff meeting the "learned professional" exemption to the FLSA and NYLL, and the "salary" requirement of the FLSA.  The FLSA exemption applies to an employee (i) who is paid on a salary basis and (ii) whose "primary duty" is "the performance of work . . . [r]equiring knowledge of an advanced type in a field of science

4

or learning customarily acquired by a prolonged course of specialized intellectual instruction."

Mem. of Law in Supp. of Defs.' Mot. for Summ. J., Feb. 16, 2015, ECF No. 30-2 ("Defs.'

Mem."), at 13 (quoting 29 C.F.R. § 541.300(a)(2)).  Defendants contend that plaintiff meets the

salary requirement because

> payroll records reflect that [plaintiff] was paid a minimum of 40
> hours per week (or 80 hours every bi-weekly pay period), at a rate
> of $35.00 for a minimum amount of $1,400.00 per week (or
> $2,800.00 every two weeks), subject to permissible deductions . . .
> Also, Plaintiff takes a non-working lunch break each day[,] . . .
> does not clock out for the break, and the entire break is paid.

*Id.* at 20.  They also argue that the "primary duty" requirement is met because: (i) plaintiff has

significant education beyond high school that prepared him for the job, and he is required to take

regular continuing education courses to maintain certifications; (ii) his work requires the constant

exercise of judgment and discretion; and (iii) he enjoys a "professional status" within the field of

science as a medical technologist.  *Id.* at 13-18.  The NYLL exemption is met, defendants argue,

because its test is the same as the FLSA primary duty test.  *Id.* at 20-21.

Defendants also contend that they did not willfully violate the FLSA and that a two-year

statute of limitations applies.  Defendants argue that "it is the Practice's policy and practice to

ensure that employees are paid properly," the "Practice makes the legally required postings," and

the evidence shows that defendants "took pains to comply with the law."  *Id.* at 23.

In opposition, plaintiffs begin by arguing that defendants have waived their exemption

argument because they failed to specifically plead it in their Answer, Amended Answer, and

30(b)(6) deposition.  Mem. of Law in Opp'n to Defs.' Mot. for Summ. J., Mar. 9, 2016, ECF No.

42 ("Pl.'s Opp'n Br."), at 3-4.

On the substance of the exemption, plaintiff contends that neither his education and

certifications, nor his actual duties and responsibilities, bring him within the learned professional

exemption.  *Id.* at 5-8.  He characterizes his status as a Certified Ophthalmic Assistant as the lowest level of certification for an ophthalmic technician, with his job consisting of simply "*measur[ing]* various parts, characteristics, and functions of the eye, by performing the tests ordered by Dr. Rabin or other doctors."  *Id.* at 5-6.  He explains that he exercises no discretion in what tests to run on patients, although he admits that he may recommend to the doctor that additional tests be run.  He concedes that his work with patients is often without the doctor in the room, but explains that is because the doctor does not need to be in the room to observe automated, mechanical tests.  During eye surgery, plaintiff testified that he readied the operating room and instruments, cleaned the patient's eye, and prepared the patient.  *Id.* at 7-8.

With respect to salary, plaintiff argues that he is not guaranteed a minimum weekly salary as required by the statute, and thus does not meet the requirement under the federal regulation. *Id.* at 10-11.

It is plaintiff's position that defendants' violation of the FLSA was willful, and thus subject to the three-year statute of limitations, because they "have taken no steps whatsoever to determine whether their practice of not paying overtime to Mr. Padilla (or to any of their employees) complies with the law."  *Id.* at 18.  He points out that the office manager has not had any training on this issue and the Practice does not know whether a lawyer or anyone else has been involved in the determination of whether or not overtime should be paid.  Rather, plaintiff states, the decision to not pay overtime was made by Rabin alone.  *Id.*  According to plaintiff, this method of operation constitutes reckless disregard under Second Circuit Court of Appeals precedents, entitling him to the benefit of a three-year statute of limitations.  *Id.*

### B.      Plaintiff's Motion

Plaintiff supports his motion by arguing that the Practice and Rabin should be held jointly and severally liable because Rabin and the Practice were both his employers.  He declares that Rabin "is in charge of the business" and "makes the decisions in the office, including whether to pay overtime."  Mem. of Law in Supp. of Pl.'s Mot. for Summ. J., Feb. 16, 2016, ECF No. 31-1 ("Pl.'s Mem."), at 12-13.

On the merits of his case, plaintiff addresses the elements required for applicability of the FLSA, pointing out it is conceded that the Practice had annual gross revenues exceeding $500,000 and engaged in interstate commerce.  *Id.* at 13-15.  It is not denied that he worked over 40 hours a week, but was not paid overtime.  Plaintiff anticipates defendants' assertion of the learned professional exemption and salary requirement; he explains why it is inapplicable.  *Id.* at 16-22.  Finally, plaintiff contends that he is entitled to liquidated damages because defendants have failed to show they engaged in a good faith effort to comply with the wage and hour laws. *Id.* at 22-25.

Defendants' opposition raises many of the same points addressed by their motion.  They start by arguing that plaintiff was properly paid on a salaried basis at a rate far exceeding the $455 per week required threshold, that he was paid for non-working time and does not need permission to work beyond 40 hours per week (as would be expected of a non-exempt employee), and that he holds many certifications and professional memberships.  Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Summ. J., Mar. 9, 2016, ECF No. 41 ("Defs.' Opp'n Br."), at 2-5.

They contest the waiver argument, arguing that plaintiff has long been on notice of their intention to assert this exemption.  They point to:

- a letter their counsel wrote to plaintiff's counsel on May 22, 2015, in which it was written that defendants believe "that [Mr. Padilla] is exempt . . . [as a] learned

professional . . . ."  *Id.* at 5; Aff. of Jane B. Jacobs, Mar. 9, 2016, ECF No. 41-2, at ¶ 5.  The letter was not submitted as evidence;

- an initial scheduling conference with the magistrate judge on July 8, 2015 at which they purportedly referred to the learned professional exemption (the minute entry does not mention what was said at the conference);

- the Eighth Affirmative Defense listed in their Amended Answer – "Plaintiff is not entitled to any additional compensation for hours worked in excess of forty in a week because he is an exempt employee under the FLSA and NYLL";

- plaintiff's counsel's questioning of the Practice's office manager at a January 14, 2016 deposition about the learned professional exemption; and

- plaintiff's own moving memorandum which spends five pages addressing the exemption.

Defs.' Opp'n Br. at 5-7.

On the learned professional exemption, defendants argue that plaintiff misconstrues and misapplies the law governing the exemption.  For the salary test, they contend that plaintiff ignores 29 C.F.R. § 541.602(b), which covers permissible deductions to salaries, and 29 C.F.R. § 541.604(b), which permits an exempt employee's salary to be computed on an hourly, daily, or shift basis.  *Id.* at 7-8.  For the primary duty test, defendants accuse plaintiff of ignoring the definition of "work requiring advanced knowledge," arguing that a four-year college degree is not necessary under the definition and that the plaintiff's job involves the exercise of discretion. *Id.* at 9-12.  Defendants also argue that plaintiff's work is in a "field of science or learning" and is in a profession where advanced knowledge is "customarily acquired by a prolonged course of specialized intellectual instruction."  *Id.* at 12.

Finally, defendants argue that the Practice's policy and procedures regarding compensation of employees demonstrates good faith, and that plaintiff did not raise an issue about overtime payment until January 2015, despite having worked at the Practice for periods going back 30 years.  *Id.* at 13-15.

8

## IV.   Law

### A.   Summary Judgment

"Summary judgment is appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law." *Allstate Ins. Co. v. Sidakis*, No. 13-CV-7211, 2016 WL 556869, at *6 (E.D.N.Y. Feb. 10, 2016). "The relevant governing law in each case determines which facts are material; '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bank of Am., N.A. v. Fischer*, 927 F. Supp. 2d 15, 25 (E.D.N.Y. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor." *Id.* (citing *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996)).

### B.   FLSA

#### 1.   Coverage

Under the FLSA, covered non-exempt workers who are employed by an enterprise engaged in commerce are entitled to overtime compensation at a rate of not less than one and one-half times the regular rate for hours worked in excess of forty hours in a single work-week. 29 U.S.C. § 207(a)(1). The FLSA defines "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). It provides that an "employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on

9

such goods, or in any closely related process or occupation directly essential to the production

thereof, in any State."  29 U.S.C. § 203(j).

An entity constitutes an enterprise where "the related activities performed (either through

unified operation or common control) by any person or persons [are] for a common business

purpose."  29 U.S.C. § 203(r)(1).  It is "engaged in commerce or in the production of goods for

commerce" if (1) it "has employees engaged in commerce or in the production of goods for

commerce" or "has employees handling, selling, or otherwise working on goods or materials that

have been moved in or produced for commerce by any person;" *and* (2) its "annual gross volume

of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail

level that are separately stated)."  29 U.S.C. §§ 203(s)(l)(A)(i)-(ii).

An individual in charge of an enterprise who exercises "operational control" "over a

company's actual 'operations' in a manner that relates to a plaintiff's employment" is liable as an

employer under the FLSA.  *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).

> To determine whether an individual exercises operational control
> in relation to the plaintiff's employment, the Court examines
> whether the individual exercised authority over management,
> supervision, and oversight of the employer's affairs in general, as
> well as evidence under the *Carter* [*v. Dutchess Community
> College,* 735 F.2d 8 (2d Cir. 1984)] framework that reflect the
> individual's exercise of direct control over the plaintiff-employees.

*Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 352 (E.D.N.Y. 2015).  The "control"

framework consists of four factors designed to evaluate the "economic reality" of an

employment relationship: "whether the alleged employer (1) had the power to hire and fire the

employees, (2) supervised and controlled employee work schedules or conditions of

employment, (3) determined the rate and method of payment, and (4) maintained employment

records."  *Irizarry*, 722 F.3d at 105 (quoting *Carter*, 735 F.2d at 12).

"To establish an employer's liability under the FLSA for unpaid overtime, a plaintiff must prove: 1) that he performed work for which he was not properly compensated; and 2) that the employer had actual or constructive knowledge of that work."  *Lewis v. Alert Ambulette Serv. Corp.*, No. 11-CV-442, 2012 WL 170049, at *3-4 (E.D.N.Y. Jan. 19, 2012) (citations omitted).

### 2.   Exemptions

The FLSA enumerates certain categories of employees who are "exempt" from the overtime requirements.  *See* 29 U.S.C. § 213.  One such exemption covers "any employee employed in a bona fide . . . professional capacity."  29 U.S.C. § 213(a)(1).  The Court of Appeals for the Second Circuit has instructed that this exemption should be "narrowly construed" because the FLSA is a remedial statute.  *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d Cir. 2009).  "The employer has the burden of proving that the employee clearly falls within the terms of the exemption."  *Id.*

Under federal regulations,

> The term "employee employed in a bona fide professional capacity" . . . mean[s] any employee:
>
> (1) Compensated on a salary or fee basis at a rate of not less than $455 per week . . . and
>
> (2) Whose primary duty is the performance of work:
>
> (i) Requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; or
>
> (ii) Requiring invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

29 C.F.R. § 541.300(a).  This regulation sets up a two-part test for the exemption, generally referred to as the "salary basis" test and the "primary duty" test.

An employee is paid on a "salary basis" if "the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed."  29 C.F.R. § 541.602(a); *see also Anani v. CVS RX Servs., Inc.*, 788 F. Supp. 2d 55, 62 (E.D.N.Y. 2011) *aff'd,* 730 F.3d 146 (2d Cir. 2013) ("The general criteria for determining whether an employee is paid on a 'salary basis' is . . . that an employee must receive a predetermined amount constituting all or part of the employees compensation, which is not subject to reduction because of variations in the quality or quantity of work performed.") (citations omitted).  The salary

> may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a *guarantee of at least the minimum weekly required amount* paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned.

29 C.F.R. § 541.604(b) (emphasis added); *see also Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 161 (2d Cir. 2008) ("With certain exceptions, the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked.") (citations omitted).

The "primary basis" test can be met through the "learned professional" exemption.  This exemption requires a three-part showing: "(1) The employee must perform work requiring advanced knowledge; (2) The advanced knowledge must be in a field of science or learning; and (3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction."  29 C.F.R. § 541.301(a).  Each of these prongs is further defined:

> "work requiring advanced knowledge" means work which is predominantly intellectual in character, and which includes work requiring the consistent exercise of discretion and judgment, as

> distinguished from performance of routine mental, manual, mechanical or physical work. . . .
>
> "field of science or learning" includes the traditional professions of law, medicine, theology, accounting, actuarial computation, engineering, architecture, teaching, various types of physical, chemical and biological sciences, pharmacy and other similar occupations that have a recognized professional status as distinguished from the mechanical arts or skilled trades . . . .
>
> "*customarily acquired by a prolonged course of specialized intellectual instruction*" restricts the exemption to professions where specialized academic training is a standard prerequisite for entrance into the profession.  The best prima facie evidence that an employee meets this requirement is possession of the appropriate academic degree.  However, the word "customarily" means that the exemption is also available to employees in such professions who have substantially the same knowledge level and perform substantially the same work as the degreed employees, but who attained the advanced knowledge through a combination of work experience and intellectual instruction.

29 C.F.R. §§ 541.301(b)-(d) (emphasis added).  With respect to the final prong and the term

"customarily," the Court of Appeals for the Second Circuit has held that "[i]f a job does *not*

require knowledge *customarily* acquired by an advanced educational degree—as for example

when many employees in the position have no more than a high school diploma—then,

regardless of the duties performed, the employee is not an exempt professional under the FLSA."

*Young*, 586 F.3d at 206 (emphasis added).

### 3.    Statute of Limitations and Willfulness

"A plaintiff must raise a violation of the FLSA within two years from the date the cause

of action accrued, unless it is a willful violation, for which the statutory limitations period is

extended to three years." *Eschmann v. White Plains Crane Serv., Inc.*, No. 11-CV-5881, 2014

WL 1224247, at *5 (E.D.N.Y. Mar. 24, 2014).  The Supreme Court has held that a violation is

willful if "the employer either knew or showed reckless disregard for the matter of whether its

conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133

(1988).  "Reckless disregard" is the "failure to make adequate inquiry into whether conduct is in compliance with the [FLSA]."  5 C.F.R. § 551.104.  "Mere negligence is insufficient."  *Young*, 586 F.3d at 207.

To show that an employer acted with reckless disregard, a plaintiff must only show "that the employer knew or had reason to know that it was or might have been subject to the FLSA." *Eschmann*, 2014 WL 1224247, at *5 (quoting *Donovan v. Kaszycki & Sons Contractors, Inc.,* 599 F. Supp. 860, 870 (S.D.N.Y. 1984)).  "However, neither an employer's good-faith but incorrect assumption regarding its FLSA obligations, nor an employer's lack of reasonable basis for believing that it was complying with the FLSA, is by itself sufficient to demonstrate an employer's willfulness."  *Id.* (citations omitted).  "The plaintiff bears the burden of proof on the issue of willfulness for statute of limitations purposes."  *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014) (citations omitted).  "Willfulness" is usually a jury question:

> [D]istrict courts in this circuit have generally left the question of willfulness to the trier of fact.  When courts have decided the question of willfulness at the summary judgment stage, either the FLSA violation was due to a misclassification of the plaintiff as being exempt, or there existed no genuine dispute that the employer had been on notice that it was subject to the FLSA.

*Eschmann*, 2014 WL 1224247, at *5 (citations omitted).

### 4.    Liquidated Damages

The FLSA provides for the recovery of liquidated damages in an amount equal to unpaid overtime compensation.  29 U.S.C. § 216(b).  The employer may show good faith as a defense:

> the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . . the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed [an amount equal to the amount of unpaid overtime].

29 U.S.C. § 260.

14

> The employer bears the burden of proving good faith and
> reasonableness, but the burden is a difficult one, with double
> damages being the norm and single damages the exception.  To
> establish good faith, the employer must take active steps to
> ascertain the dictates of the FLSA and then act to comply with
> them.

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) (citations omitted).

### C.    NYLL

"In enacting the Minimum Wage Act, the New York State Legislature . . . did not directly

enact an overtime provision.  Instead, the Legislature delegated authority to the New York State

Commissioner of Labor . . . to issue 'regulations governing . . . overtime.'"  *Rocha v. Bakhter

Afghan Halal Kababs, Inc.*, 44 F. Supp. 3d 337, 351 (E.D.N.Y. 2014) (citing N.Y. Lab. Law §§

655-56).  New York State labor regulations substantially incorporate and adopt the FLSA's

overtime regulations:

> An employer shall pay an employee for overtime at a wage rate of
> one and one-half times the employee's regular rate in the manner
> and methods provided in and subject to the exemptions of sections
> 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of
> 1938, as amended; provided, however, that the exemptions set
> forth in section 13(a)(2) and (4) shall not apply.  In addition, an
> employer shall pay employees subject to the exemptions of section
> 13 of the Fair Labor Standards Act, as amended, except employees
> subject to section 13(a)(2) and (4) of such act, overtime at a wage
> rate of one and one-half times the basic minimum hourly rate.

N.Y.C.R.R. tit. 12, § 142-2.2; *see also Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d

101, 105 (2d Cir. 2010) ("The NYLL, too, mandates overtime pay and applies the same

exemptions as the FLSA.").

"[T]he same elements are required to prove plaintiff['s] claim under New York labor law

as under federal law."  *Lewis*, 2012 WL 170049, at *5.  Unlike the FLSA, though, the statute of

limitations for a claim under the NYLL is six years regardless of willfulness.  N.Y. Lab. Law §

663(3); *Shu Qin Xu v. Wai Mei Ho*, 111 F. Supp. 3d 274, 278 (E.D.N.Y. 2015) ("In contrast to FLSA claims, NYLL claims have a six-year statute of limitations with no showing of willfulness required.").

A learned professional exemption similar to the FLSA's is in the New York Labor Law. The only difference is that the New York law requires only a "primary duty" test, not an additional "salary basis" test. *See* N.Y.C.R.R. tit. 12, § 142-2.14(c)(4)(iii); *Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F. Supp. 2d 181, 187 (E.D.N.Y. 2004).

Liquidated damages are available under the NYLL. "[L]iquidated damages under the Labor Law constitute a penalty to deter an employer's willful withholding of wages due." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) (citations omitted). They may total up to 100% of the amount of underpayments found to be due, and may be awarded "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." N.Y. Lab. Law § 663(1).

With respect to the joint liability of Rabin under the NYLL, "the New York Court of Appeals has not yet answered the question of whether the FLSA's test for 'employer' is the same as for the NYLL." *Ethelberth*, 91 F. Supp. 3d at 360 (citing *Irizarry*, 722 F.3d at 117). "District courts in this Circuit have interpreted the definition of employer under the New York Labor Law coextensively with the definition used by the FLSA." *Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) (citations omitted); *Gonzales v. Gan Israel Pre-Sch.*, No. 12-CV-6304, 2014 WL 1011070, at *9 (E.D.N.Y. Mar. 14, 2014) (same).

V.      **Application of Law to Facts**

A.      **Rabin jointly liable**

Defendants concede that they are subject to the FLSA for summary judgment purposes.

Defs.' Opp'n Br. at 1 n.1; Hr'g Tr., Mar. 29, 2016, at 31:9-11.  Defendants also agree that Rabin

has sufficient operational control over the Practice and plaintiff's employment to render him

jointly liable with the Practice under the FLSA.  Hr'g Tr., Mar. 29, 2016, at 31:3-8.

B.      **Waiver of right to assert exemptions**

Plaintiff argues that defendants should be barred from relying upon the learned

professional exemption because they did not explicitly plead it in their Answer or Amended

Answer.  Pl.'s Mem. at 16-18.  In support of this argument, plaintiff relies on *Schwind v. EW &*

*Assocs., Inc.*, 357 F. Supp. 2d 691, 697 (S.D.N.Y. 2005), which explained "a claim of exemption

under the FLSA is an affirmative defense that, pursuant to Fed. R. Civ. P. 8(c), must be

specifically pleaded or will be deemed waived."

In *Schwind*, the court rejected the argument that plaintiff now makes.  There, the

defendants included in their answer as a defense "[t]he Court lacks jurisdiction as the plaintiff is

not included in the class of individuals covered by the Fair Labor Standards Act," but failed to

identify the specific exemption they later asserted on summary judgment.  Reviewing the

purpose of Federal Rule of Civil Procedure 8, it was held that because plaintiff had notice of

defendants' intentions to raise exemptions, would not be surprised, and would not suffer

prejudice, defendants would not be barred from raising the exemption.  *Schwind*, 357 F. Supp. 2d

at 697-700; *see also Domenech v. Parts Auth., Inc.*, No. 14-CV-3595, 2015 WL 4613527, at *4

(E.D.N.Y. Aug. 3, 2015) (permitting defendant to rely on exemption where only general

statement about exemptions was included in the answer but plaintiff was on notice, had

opportunity to respond, and would not suffer surprise or unfair prejudice); *Relyea v. Carman,*

17

*Callahan & Ingham, L.L.P.*, No. 03-CV-5580, 2006 WL 2577829, at *1 n.1 (E.D.N.Y. Sept. 6, 2006) (rejecting waiver argument; "It is well-settled that a district court may consider the merits of an affirmative defense – even one explicitly listed as such in Fed.R.Civ.P. 8(c) – raised for the first time at the summary judgment stage, so long as the plaintiff has had an opportunity to respond.") (citation omitted).

Defendants gave adequate notice of their waiver defense.  They included in their Amended Answer an affirmative defense that "[p]laintiff is not entitled to any additional compensation for hours worked in excess of forty in a week because he is an exempt employee under the FLSA and NYLL."  Am. Answer, Aug. 7, 2015, ECF No. 16, at ¶ 105.  Defendants' counsel sent a letter to plaintiff's counsel early in the action identifying the learned professional exemption.  Aff. of Jane B. Jacobs, Mar. 9, 2016, ECF No. 41-2, at ¶ 5.  Plaintiff does not deny that this letter was sent or its contents; he only contends in a footnote in his reply brief that because the statement was not made in defendants' Answer or Amended Answer, it is insufficient to preserve the argument.  Pl.'s Reply Mem. of Law in Supp. of Mot. for Summ. J., Mar. 16, 2016, ECF No. 46, at 3 n.1.  Surprise and lack of opportunity to respond cannot be claimed by plaintiff – he addressed the specific exemption for more than two pages in his *moving* brief.

Plaintiff has had sufficient notice of defendants' intention to raise the exemption and a fair opportunity to respond to it.  His argument that defendants have waived their right to assert the learned professional exemption is rejected.

Exercising its discretion, the court deems defendants' answer amended to explicitly plead as an affirmative defense the learned professional exemption.  This amendment relates back to the date of defendants' original Answer.

18

C.     **Learned Professional Exemption**

In order to meet the learned professional exemption under the FLSA, both the "salary basis" and "primary duty" tests must be satisfied.  To meet the exemption under the NYLL, only the "primary duty" test must be satisfied.

1.     **Applicability of FLSA's Salary Basis Test**

An employee paid on a "salary basis" will receive a predetermined sum representing part or all of the employee's compensation on a regular basis.  *Anani*, 788 F. Supp. 2d at 62 (citing 29 C.F.R. § 541.602).  Subject to certain permitted deductions, the weekly sum must be guaranteed to exceed the required minimum amount of $455.  29 C.F.R. §§ 541.300(a), 541.604(b).

Here, although the evidence shows that the plaintiff did receive more than $455 per week during the time he worked for the Practice, there is no evidence that plaintiff was *guaranteed* that amount.  Rather, the testimony of the Practice's own employee witness is the contrary, that plaintiff did not have a guaranteed weekly minimum and was not paid a predetermined sum representing part or all of his compensation:

> Q.  Was his pay based on the amount of hours he worked each [week]?
>
> A.  Pay as far as his payroll?
>
> Q.  Yes.
>
> A.  Thirty-five dollars an hour.
>
> Q.  If he worked, for example, a hundred hours, he would be a hundred times 35?
>
> A.  Yes, straight pay.
>
> Q.  Then if he worked 30 hours, he would be paid 30 times 35?
>
> A.  Yes.
>
> Q.  If he worked ten hours, he would be paid ten times 35?

A.  Yes, mathematics, yes.

Aff. of Jane B. Jacobs, Feb. 16, 2016, ECF No. 30-4 (Jan. 14, 2016 30(b)(6) Dep. Tr.), at 102:17-103:6; *see also* Hr'g Tr., Mar. 29, 2016, at 3:13-27:4.

Defendants ignore the minimum guarantee requirement, focusing instead on the federal regulation that permits certain deductions to be made from a salary without losing exempt status, and the regulation permitting payment of a salary on an hourly basis.  Defs.' Opp. Br. at 7-8. These regulations do not address the key point that plaintiff was not guaranteed the minimum required per week.

The evidence demonstrates that the salary basis test was not satisfied.  Plaintiff was not guaranteed a minimum weekly salary of $455.

Because the salary basis test was not satisfied, plaintiff does not fall within the learned professional exemption.  29 C.F.R. §§ 541.300(a) and 541.604(b).  He is a non-exempt employee.  Pursuant to the FLSA, he must be paid over-time.  Plaintiff is entitled to summary judgment on this issue.

### 2.      Applicability of FLSA's and NYLL's Primary Duty Test

Even though plaintiff is not exempt under the FLSA, he may be exempt under the NYLL because under the NYLL only the "primary duty" test, not the "salary basis" test, must be met. Since the NYLL adopts essentially the same exemption as does the FLSA, federal law can be applied to the analysis.  *Hinterberger v. Catholic Health Sys.*, 299 F.R.D. 22, 33 (W.D.N.Y. 2014) ("Where the FLSA's and NYLL's definitions and standards are identical, or nearly so, courts typically apply federal law to claims made under either statute.").

The primary duty test under the NYLL is satisfied by work "requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education

and from an apprenticeship, and from training in the performance of routine mental, manual or physical processes."  N.Y.C.R.R. tit. 12, § 142-2.14(c)(4)(iii).

The parties disagree about whether plaintiff's job responsibilities satisfy this test. Plaintiff characterizes his job as fairly mechanical without the exercise of any discretion.  Pl.'s Opp'n Br. at 6-8.  Defendants point to plaintiff's significant education beyond high school: he has certifications requiring continuing education courses to maintain, enjoys a "professional status" within the field of science as a medical technologist, and must constantly exercise judgment and discretion in his job.  Defs.' Mem. at 13-18.  In support of their position, defendants rely on *Nairne v. Manzo*, No. 86-CV-0206, 1986 WL 12934 (E.D. Pa. Nov. 14, 1986), which examined whether an "ophthalmic technician" is a learned professional for FLSA purposes.  The court in *Nairne* held

> Plaintiff's training clearly meets the "learned profession" test. Plaintiff is a certified ophthalmic technician with a B.S. in biology from the Philadelphia College of Pharmacy and Science.  In addition, she has attended an impressive number of continuing education programs, including programs sponsored by the American Academy of Ophthalmology, Opthalmic Training Sciences, Wills Eye Hospital and the New York Society of Ophthalmic Medical Assistants.  Plaintiff's resume describes her various academic achievements in considerable detail and notes her desire to maintain certification by pursuing her education even further.

*Nairne*, 1986 WL 12934, at *4.  It was found in that case that the plaintiff's job duties were far more than simple mechanical assignments.  *Id.* at *6 (finding that "plaintiff's work was predominantly intellectual, requiring the consistent exercise of discretion and judgment in its performance").

Plaintiff's background in the instant case is distinguishable from that of the plaintiff in *Nairne*.  Padilla does not hold a B.S. (or any college degree), and is certified as an "ophthalmic

assistant," rather than the higher level of "technician."  He does, however, have significant

experience in the field, and holds professional certifications that qualify him for his position.

Whether his job responsibilities fall within the exemption is a close question that should

not be resolved by summary judgment.  It should go to the jury.  Both motions for summary

judgment are denied on this issue.

### D.      Statute of Limitations for FLSA Damages

The parties dispute whether the Practice showed reckless disregard of its duties under the

FLSA.  Based on the defendants' concession on this motion that they are subject to the FLSA, as

well as their admitted policy to comply with labor laws, it could be concluded that they knew of

their obligations under the FLSA.

There is evidence in the record that the bookkeeper checked with the Practice's

accountant concerning payment requirements, but there is also some indication that Rabin made

a policy decision not to pay overtime to anyone.  Other evidence on this question is disputed.

*See* 56.1 Response at ¶¶ 60-75.  The burden of showing willfulness is on the plaintiff.  He has

not satisfied this burden sufficiently to warrant summary judgment.  The question of willfulness

will be decided by the jury.

### E.      Liquidated Damages

In order to avoid liquidated damages under the FLSA, defendants carry a burden of

demonstrating that they took sufficient active steps to ascertain and comply with the

requirements of the FLSA.  Their burden under the NYLL is to show they acted in good faith.

Neither party has demonstrated the absence of triable issues of fact on this issue.  The

court will resolve the question of liquidated damages under state and federal law following a jury

verdict on liability and willfulness.  Summary judgment on this point is denied.

## VI.   Conclusion

Plaintiff's motion for summary judgment is granted in part and denied in part. The motion is granted on the FLSA claim because plaintiff does not satisfy the "salary basis" test required to make the "learned professional" exemption apply to him. It is denied in all other respects.

Defendants' motion for summary judgment is denied.

## VII.   Trial and *In Limine* Hearing

A jury trial shall commence on May 16, 2016 in Courtroom 10 B South. By consent, a jury will be selected before the magistrate judge that morning, at a time set by the magistrate judge. *In limine* motions and supporting briefs shall be filed by May 2, 2016. *In limine* motions will be heard on May 9, 2016 at 10 a.m. in Courtroom 10 B South. The individual parties are not required to appear in person at this hearing.

By May 9, 2016 the parties shall file and docket: (1) complete lists of pre-marked exhibits proposed for use at trial and stipulations regarding admissibility; (2) lists of potential witnesses together with brief summaries of proposed testimony; (3) briefs on any evidentiary matters in dispute; and (4) proposed jury instructions. The proposed instructions shall not include an instruction on liability under the FLSA because liability has already been found. Courtesy copies shall be provided to the court.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: April 6, 2016
Brooklyn, New York

23